```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

ROUNDABOUT WATERCRAFTS, LLC,

    Plaintiff,
v.                                   Case No. 8:19-cv-1366-T-33SPF

ULTRASKIFF, LLC,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant Ultraskiff, LLC's Motion for Costs and Attorney's Fees (Doc. # 24), filed on September 20, 2019. For the reasons that follow, the Motion is denied.

### I. Background

On June 5, 2019, Plaintiff Roundabout Watercrafts, LLC, initiated this action against Ultraskiff, seeking a declaratory judgment that it did not infringe Ultraskiff's '487 patent by making, using, selling, or offering to sell its own products. (Doc. # 2-1 at 5).

On August 5, 2019, Roundabout's attorney filed a motion to withdraw, which this Court granted the next day. (Doc. ## 13, 14). The Court directed Roundabout to find new counsel by August 27, 2019; it failed to do so. (Doc. # 19). The Court

then ordered Roundabout to show cause by September 6, 2019, why the case should not be dismissed for failure to prosecute. (Doc. # 19). Roundabout did not find substitute counsel by September 6 and failed to make any submission in response to the Court's order. (Doc. # 22). Therefore, the Court dismissed the case without prejudice on September 9, 2019. (Id.).

On September 20, 2019, Ultraskiff filed its four-page Motion, seeking $28,196.54 in attorney's fees and costs. (Doc. # 24 at 3). Roundabout has not responded to the Motion.

**II. Discussion**

Ultraskiff's Motion is light on the law, and what little law it cites is largely inapplicable. For example, Ultraskiff argues that Federal Rule of Civil Procedure 54(b) entitles it "to its costs and attorneys' fees for defending this exceptional case, based on [Roundabout's] failure to prosecute." (Doc. # 24 at 1). But Rule 54(b) has nothing to do with attorney's fees. Instead, that Rule sets out the procedure for entry of partial final judgment. See Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court

2

expressly determines that there is no just reason for delay.").

Ultraskiff may have intended to cite Rule 54(d). Under Rule 54(d)(1), "costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). For purposes of Rule 54(d), "[a] defendant is a prevailing party if the plaintiff achieves none of the benefits sought in bringing its lawsuit. 'If the case is litigated to judgment on the merits in favor of the defendant, the defendant is the prevailing party.'" Pickett v. Iowa Beef Processors, 149 F. App'x 831, 832 (11th Cir. 2005)(quoting 10 Moore's Federal Practice, § 54.171[3][c][4] at 54-285). "The Supreme Court has squarely held that there is a 'prevailing party' when there has been a 'material alteration of the legal relationship of the parties.'" Miles v. State of California, 320 F.3d 986, 989 (9th Cir. 2003)(citation omitted).

Ultraskiff is not a "prevailing party" in this action because the case was dismissed without prejudice. See Adams v. Monumental Gen. Cas. Co., 258 F.R.D. 576, 578 (M.D. Ga. 2009)("A strong argument can be made that Defendant is not the prevailing party for purposes of Rule 54(d)(1). . . . Neither party prevailed because [the primary] claim was dismissed without prejudice."). Indeed, Roundabout could

3

refile this action and ultimately succeed on its claim against Ultraskiff. See Mitchell-Tracey v. United Gen. Title Ins. Co., 839 F. Supp. 2d 821, 826–27 (D. Md. 2012)("Here, the dismissal of the common law claims was without prejudice, but it was not voluntary. Still, it left the Defendants 'at risk of another suit on the same claim.' . . . As the dismissal left the Defendants vulnerable to a renewed action on the same claim by the Plaintiffs, the Defendants are not prevailing parties." (citation omitted)). As a result, there has not been a material alteration of the legal relationship between the parties, and Ultraskiff is not entitled to costs under Rule 54(d)(1).

Ultraskiff's request for attorney's fees fares no better. As an initial matter, Rule 54(d)(2) merely prescribes the procedures for filing a motion for attorney's fees. Fed. R. Civ. P. 54(d)(2). It does not outline the types of cases in which attorney's fees may be recovered. Therefore, this rule does not establish Ultraskiff's entitlement to attorney's fees in this case.

And while Ultraskiff cites McMahan v. Toto, 256 F.3d 1120, 1132 (11th Cir. 2001), as support for the proposition that "[e]ntitlement to attorney's fees is a substantive issue that must be determined by reference to substantive law,"

4

(Doc. # 24 at 3), Ultraskiff fails to cite any substantive law establishing that it is entitled to attorney's fees.

Instead, Ultraskiff merely hints that "exceptional" cases warrant attorney's fees. (Id. at 1, 3). Ultraskiff claims that this case is exceptional because Roundabout "failed to respond to the Court's orders to: 1) have substitute counsel enter an appearance; and 2) show cause why this case should not be dismissed. In fact, [Roundabout] has failed to prosecute this case since initially filing its complaint on June 5, 2019." (Id.). But, again, Ultraskiff fails to cite any case law regarding when a case is exceptional such that attorney's fees are appropriate.

Based on the Court's research, it appears that Ultraskiff intended to invoke 35 U.S.C. § 285, which applies to patent cases and provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." See also Medtronic, Inc. v. Mirowski Family Ventures, LLC, 571 U.S. 191, 201 (2014)(explaining that attorneys' fees can be awarded as a remedy for patent infringement in exceptional cases).

This statute falls under "Chapter 29. Remedies for Infringement of Patent" and applies only to patent cases. This case, however, is a declaratory judgment action that

happens to seek a declaration regarding a patent. Ultraskiff cites no authority applying Section 285 to declaratory judgment cases that relate to patents. Therefore, the Court is not convinced that the "exceptional cases" standard under Section 285 even applies in this declaratory judgment action.

Even if Section 285 allowed for attorney's fees in exceptional declaratory judgment cases related to patent infringement, the Court is not convinced that this case is exceptional. An exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014). To determine whether a case is exceptional, courts conduct a case-by-case analysis that considers the totality of the circumstances. Shipping & Transit, LLC v. 1A Auto, Inc., 283 F. Supp. 3d 1290, 1296 (S.D. Fla. 2017). A number of factors may be considered, including, but not limited to, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and

deterrence." Octane Fitness, 572 U.S. at 554 n.6 (quotation marks and citation omitted).

This analysis does not always result in an award of attorney's fees, and the moving party must establish its entitlement to fees by a preponderance of the evidence. See Shipping & Transit, LLC, 283 F. Supp. 3d at 1296 (explaining that, in Octane Fitness, "the Court lowered the requisite evidentiary standard for proving an 'exceptional' case from clear and convincing evidence to a preponderance of evidence"). Indeed, many courts have declined to award fees after conducting this totality of the circumstances analysis. See, e.g., Checkpoint Sys. Inc. v. All-Tag Sec., S.A., 858 F.3d 1371, 1366-77 (Fed. Cir. 2017) (holding that infringement claims were reasonable because, among other things, the claims were not made in bad faith); Freedom Sci., Inc. v. Enhanced Vision Sys., Inc., No. 8:14-cv-1229-T-36JSS, 2016 WL 2865353, at *3 (M.D. Fla. May 17, 2016)(declining to award attorney's fees after finding that, although counsel's conduct was undesirable, the claims were not frivolous and counsel's conduct was not unreasonable enough to warrant a finding of exceptionality); Commonwealth Labs., Inc. v. Quintron Instrument Co., Inc., No. 14-20083-CV, 2015 WL 11216332, at *7 (S.D. Fla. July 20, 2015)(finding that the

7

limited record in that case showed that plaintiff acted in good faith and so attorney's fees were not warranted), <u>report and recommendation adopted</u>, No. 14-CV-20083, 2015 WL 11216331 (S.D. Fla. Aug. 14, 2015). Whether the case is exceptional is ultimately left to the Court's sound discretion. <u>Shipping & Transit</u>, 283 F. Supp. 3d at 1297.

Ultraskiff has not provided any evidence to support its contention that this is an exceptional case, nor has it cited any cases with similar facts in which attorney's fees were granted. Without such support, the Court is not convinced that Roundabout's failure to obtain substitute counsel establishes that this case was frivolous or unreasonable. Thus, Ultraskiff's Motion is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Ultraskiff, LLC's Motion for Costs and Attorney's Fees (Doc. # 24) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>26th</u> day of November, 2019.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE